(22 App. Div. 508.)

TURNBULL v. BANKS.

(Supreme Court, Appellate Division, Second Department.     November 30, 1897.)

ATTORNEY AND CLIENT—CONTRACT FOR COMPENSATION.

The plaintiff was an old lady, and unaccustomed to business. Her nephew brought an action against her, which, if successful, would deprive her of all interest in certain real estate. Assuming, in her ignorance, that his claims must be well founded, and overlooking large claims held by her against him for board, etc., she consulted defendant, an attorney, who had previously represented her. He had formerly searched the title, knew that the nephew's

claims upon it were groundless, and was familiar with his client's relations with her nephew. He took from her, as compensation for his services, a mortgage for $1,500,—being about half the value of the premises,—and then readily disposed of the nephew's claims, and had his suit dismissed. In an action to set the mortgage aside, *held*, that $1,500 constituted excessive compensation, and that the excess should be stricken from the mortgage.

Appeal from special term, Westchester county.

Action by Ann Turnbull against Charles G. Banks to set aside a bond and mortgage executed by plaintiff to secure the payment of $1,500. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Reuben Leslie Maynard, for appellant.

H. C. Henderson, for respondent.

PER CURIAM. The evidence in this case is sufficient to support the finding that the plaintiff executed the bond and mortgage in question with a full understanding of what she was doing, and with an intent upon her part to give to the defendant a lien upon her property for its amount. But, with this conceded, it by no means follows that the defendant was entitled to a judgment dismissing the complaint of the plaintiff. The conceded facts of the case are that the plaintiff is an old lady, and evidently but little used to the transaction of business, or acquainted with business methods. A summons had been served upon her in an action brought by her nephew for the partition of certain real property, and also for the establishment of a claim in connection with such property, which, if successful, would deprive her of all interest therein. The plaintiff was so little informed about the property, and of her legal rights in connection therewith, that she supposed that the nephew in fact owned one-half of the property, and in addition held the claim which he asserted, which would equal the value of the other half of the property, and leave her with nothing. The parties in the partition action had associated together for a long time, and it would seem that the nephew had lived with the plaintiff in her home, and was in fact justly indebted to her for board, nursing in sickness, and for money advanced. The defendant herein is a lawyer, and was familiar with such relations, and with the title to the property, as he had searched the title prior to this time. It was with this knowledge of the property upon his part, and of the relations which had existed between the nephew and the old lady, that he proceeded to deal with the plaintiff when she applied to him for advice. The plaintiff was utterly ignorant of her legal rights. The defendant was possessed of full and accurate knowledge concerning them. This is fairly to be inferred from the defendant's testimony. It does not need acumen of a high order to see that the old lady, believing that she had no interest in the property, would willingly agree to give a half, if thereby she could get the whole, and secure a half to herself. The defendant had little difficulty in procuring the old lady to accede to his terms for one-half. Indeed, she was somewhat eager to enter into the agreement, as it promised something, when

she thought she was entitled to nothing. The sequel proved that the defendant was in no wise mistaken concerning the rights of his client, for with little difficulty he procured a dismissal of the complaint in the partition action, it appearing that the plaintiff therein was without interest in the property, while, upon the defendant's suggestion, the old lady easily made up an account against the nephew for board, services rendered, and money advanced, amounting in all to something over $7,000. This resulted at once in a compromise of the claim of the nephew, leaving the old lady secure in the possession of the legal title to her property, without charge of any kind in favor of the nephew. From this recital it is quite evident that the parties did not deal upon equal terms. On the contrary, their respective conditions were strikingly unequal. One was old, feeble, little used to business or its methods, in ignorance of her legal rights, and misled to her prejudice by a belief that she was without interest in the property; the other, learned in the law, familiar with business, informed concerning the plaintiff and her rights, and possessed of the ability to defend them. It may be—very likely is—a fact that the defendant believed that he might safely deal with the old lady, and that he thought that as he had formerly received no pay from her for his services, and she had no money with which to presently compensate him, he was justified in making the arrangement which he did and taking the mortgage. But it seems to us quite clear that for the time being he overlooked the relation existing between himself and his client, and subordinated her rights to his interest. We have recently had occasion to consider the law bearing upon cases of this character, and have asserted the rule of law applicable thereto. In re Demarest, 11 App. Div. 156, 42 N. Y. Supp. 444. It is not necessary that we repeat it here. Its binding force compels us to a condemnation of the contract entered into in this case. But while we reach this conclusion, we also conclude that there is nothing in the case which calls for a more rigorous rule than will strike out from the mortgage the amount which we regard as excessive for the services which were rendered. The proof shows that their fair value does not exceed $500, and for this sum, with interest, the mortgage may be upheld, applying thereon the payment of the $150.

The judgment should therefore be reversed, and a new trial granted, with costs to abide the final award of costs.